UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW,<br><br>        Plaintiff,<br><br>    v.<br><br>M. PALLARES,<br><br>        Defendant. | Case No. 1:20-cv-00623-AWI-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO PROCEED IN FORMA PAUPERIS, AND DISMISSING ACTION WITHOUT PREJUDICE<br><br>(Docs. 12, 14) |

    Plaintiff Lisa Belyew is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On June 22, 2020, the assigned magistrate judge issued findings and recommendations, recommending that Plaintiff's motion to proceed *in forma pauperis* (Doc. 12) be denied because Plaintiff has six "strikes" under 28 U.S.C. § 1915(g) and the allegations in her complaint fail to show that she is in imminent danger of serious physical injury. (Doc. 14.) The magistrate judge provided Plaintiff 14 days to file objections to the findings and recommendations. (*Id.* at 3.)

    Plaintiff filed timely objections on July 7, 2020. (Doc. 15.) Plaintiff does not deny that the six dismissals cited by the magistrate judge are strikes. Instead, she argues that she qualifies for the imminent-danger exception under 28 U.S.C. § 1915(g). (*See id.* at 2.) Plaintiff states that she suffers from post-traumatic stress disorder (PTSD) due to a natural disaster that caused the death

of a family member. (*Id.*) Plaintiff contends that, because of her PTSD, she suffers "flashbacks" and wakes up whenever a bunkmate shakes her bed, disrupting her sleep. (*Id.*) Plaintiff also alleges that she has meningioma, which "causes headaches, temporary blindness in right eye, and seizures when [she] is sleep deprived." (*Id.*)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis. The Court agrees with the magistrate judge's finding that Plaintiff's allegation that she wakes up whenever her bunkmate shakes her bed fails to show that she is in *imminent* (as opposed to theoretical or remote) danger of serious *physical* (as opposed to emotional or mental) injury. (*See* Doc. 14 at 2.)

The Court notes that, in her complaint, two motions for a temporary restraining order, and two motions for a preliminary injunction, Plaintiff does not once mention her meningioma or allege that she suffers symptoms of headaches, temporary blindness, or seizures. (*See* Docs. 1-3, 8-9.) The Court, therefore, does not consider the alleged symptoms. *Cf. Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (imminent-danger "exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"); *Ibrahim v. D.C.*, 463 F.3d 3, 6 (D.C. Cir. 2006) (to determine whether plaintiff qualifies for imminent-danger exception, "we look to the complaint"). Based on the allegations raised in Plaintiff's complaint and contemporaneously filed motions for preliminary relief, the Court finds that Plaintiff fails to show that she was in imminent danger of serious physical injury at the time she filed her complaint.

Accordingly, the Court ORDERS:

1. The findings and recommendations issued on June 22, 2020 (Doc. 14) are ADOPTED in full;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 12) is DENIED;
3. This action is DISMISSED without prejudice to refiling upon prepayment of the filing fee; and,

4. The Clerk of the Court is directed to terminate all pending motions and close this case.

IT IS SO ORDERED.

Dated: __August 20, 2020__      _____
                                SENIOR DISTRICT JUDGE